J-S41020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIFFANY DIANE WEAVER | |
| Appellant | No. 1629 MDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003423-2014
CP-22-CR-0004046-2011
CP-22-CR-0004417-2012
CP-22-CR-0004419-2012

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 16, 2017**

Tiffany Diane Weaver appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after revocation of her intermediate punishment ("IP"), probation and parole. Upon careful review, we affirm.

Weaver's relevant criminal history includes guilty pleas entered at four separate dockets. First, On August 28, 2012, Weaver pled guilty to five counts of forgery and four counts of theft by unlawful taking at docket number 4046-CR-2011. She was sentenced to a term of IP. On September 5, 2013, after a revocation hearing, Weaver was resentenced to serve 24

---

[*] Retired Senior Judge assigned to the Superior Court.

months' probation. On August 8, 2014, Weaver's IP was again revoked and she was sentenced to 6 to 23 months in county prison, with immediate eligibility for work release.

At docket number 4417-CR-2012, Weaver pled guilty to felony drug charges and criminal use of a communication facility on July 29, 2013. She was sentenced to probation, which was revoked after a hearing on August 8, 2014, at which time she was resentenced to probation.

Also on July 29, 2013, Weaver entered a guilty plea to criminal trespass and theft by unlawful taking at docket number 4419-CR-2012 and was sentenced to probation. That probation was also revoked at the August 8, 2014 hearing and she was sentenced to 6 to 23 months in county prison, with immediate eligibility for work release.

Finally, on June 6, 2014, Weaver pled guilty to charges of theft by unlawful taking and receiving stolen property at docket number 3423-CR-2014 and was sentenced to 12 months' probation.

On March 22, 2016, Weaver was again brought before the court for a revocation hearing, at which time the Commonwealth alleged technical violations of her IP, probation and parole at the above four docket numbers. After finding her to be in violation, the court resentenced Weaver to an aggregate of 18 to 36 months' incarceration and, at docket number 4046-CR-2011, directed Weaver to serve the unexpired balance of her term, or 13 months and 14 days.

On April 13, 2016, Weaver filed a post-sentence motion *nunc pro tunc*, in which she attempted to preserve a challenge to the discretionary aspects of her sentence. However, before the court could act on that motion, Weaver filed a notice of appeal to this Court on April 19, 2016. On September 2, 2016, Weaver filed a praecipe to discontinue that appeal. Thereafter, Weaver filed with the trial court a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of her direct appellate rights to enable her to preserve her challenge to the discretionary aspects of her sentence. The PCRA court granted relief, reinstating her right to file both a post-sentence motion and a direct appeal. On September 15, 2016, Weaver filed a motion to modify sentence *nunc pro tunc*, which the court denied on September 19, 2016. This timely appeal follows, in which Weaver raises the following issue for our review:

> Was not the imposition of a probation violation sentence of 1 ½ to 3 years['] incarceration clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Weaver's] rehabilitative needs where the revocation conduct involved technical violations of parole/probation and a new criminal charge contested by [Weaver]?

Brief of Appellant, at 5.

Our standard of review is well-settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment.

Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Weaver challenges the discretionary aspects of her sentence. Such a challenge is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014).

Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved [her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Id.* at 1042-43, quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

Here, Weaver preserved her claim in a motion to modify sentence *nunc pro tunc* and filed a timely notice of appeal. Additionally, her brief contains a statement of reasons relied upon for allowance of appeal pursuant

to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Weaver raises a substantial question for our review.

In her Rule 2119(f) statement, Weaver asserts that her sentence was manifestly excessive and inconsistent with the protection of the public, the gravity of the offenses, and her rehabilitative needs. This claim raises a substantial question. **See Commonwealth v. Derry**, 150 A.3d 987, 995 (Pa. Super. 2016) (in challenging revocation sentence, "[a]ppellant presents a substantial question for our review, to the extent that he challenges the sentencing court's failure to consider [s]ection 9721(b) factors").

Weaver also asserts that the imposition of a sentence of total confinement for mere technical violations of her supervision violates the fundamental norms underlying the sentencing process. The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and, thus, raises a substantial question. **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010).

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> 1. the defendant has been convicted of another crime; or
>
> 2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> 3. such a sentence is essential to vindicate the authority of this court.

*Id.* at 1282–83. A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Id.* at 1283, citing ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa. Super. 2006).

Here, Weaver appeared before the court for her third violation hearing in less than three years. In addition to her technical violations for failure to report a change in address and to pay restitution, Weaver was arrested with 25 bags of heroin, marijuana, and ecstasy in her possession. Weaver argues that her new drug arrest has not yet resulted in a conviction. However, the sentencing court noted that Weaver "has been given numerous chances and yet fails to abide by the law," Trial Court Opinion, 8/25/16, at 5, which demonstrates her likelihood of committing another crime. Weaver cites to her medical condition as a mitigating factor weighing in favor of community supervision.[1] However, the trial court noted that, while it was sympathetic to her medical condition, Weaver's new arrest occurred subsequent to her

---

[1] Weaver informed the court that she had been diagnosed with a brain tumor. When asked by the court for documentation of her condition, Weaver was unable to present any, informing the court that "[m]y grandfather has it all down in West Virginia, in my files." N.T. Resentencing, 3/22/16, at 5.

- 6 -

diagnosis and her condition had not stopped her from committing another crime. *See id.*; N.T. Resentencing, 3/22/16, at 5.

In sum, the record as a whole supports the court's conclusion that Weaver was likely to reoffend if not incarcerated, and that her repeated failure to respond to previous judicial efforts, such as probation and IP, demonstrate a need to vindicate the authority of the court by imposing a sentence of total confinement. *See* 42 Pa.C.S. § 9771(c). Accordingly, we can discern no abuse of discretion on the part of the court in fashioning Weaver's sentence. *Raven*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017